**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN **1 4** 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHNNY L. MCDONALD                                                                                          PLAINTIFF

VS.                                              CASE NO. 3:21-cv-14-DPM

NEWPORT HOUSING AUTHORITY                                                                  DEFENDANT

COMPLAINT

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), the Age Discrimination in Employment Act (ADEA), which is codified at 29 U.S.C.S. §§ 621-634, 42 U.S.C.S. § 12101 (American with Disabilities Act), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Johnny L. McDonald, has been subjected to, all on account of his race (African American), age (63), sex, and disability, perceived or otherwise. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.
Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), and 29 C.F.R. § 1614.110, 42 U.S.C. § 1981, 29 U.S.C. § 626 (ADEA), and 42 U.S.C. § 1983.

1

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Jackson County, Arkansas.

II.
Parties

3. The plaintiff is an African American male, who is a resident of Jackson County, Arkansas, and is a citizen of the United States of America.

4. The defendant Newport Housing Authority receives federal funds from the Housing and Urban Development (HUD), and provides affordable housing for residents of Jackson County, Arkansas.

5. The defendant Newport Housing Authority, is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

III.
Facts

6. The plaintiff started his employment with the defendant on May 1, 1989 working in a maintenance position.

7. In 2004, the plaintiff was promoted to the position of Maintenance Supervisor.

8. On August 18, 2015, the plaintiff became disabled when he suffered a heart attack. Some six (6) months after suffering his heart attack, the plaintiff had a pacemaker and defibrillator placed in to regulate his heart.

9. After being off for a period of time of approximately three (3) months, the plaintiff was able to return to work.

10. Serving as the Maintenance Supervisor, the plaintiff's job duties consisted mainly of administrative type work such as keeping up with employees' time records, keeping the warehouse stocked, and other administrative functions.

11. The position of maintenance supervisor was conducive to the plaintiff's disability, and he was able to perform his assigned job duties.

12. As the maintenance supervisor, the plaintiff supervised approximately eleven (11) employees – 10 African American and 1 Caucasian.

13. In December 2018, Barry Pippenger, a Caucasian male, who served as the Executive Director for the Newport Housing Authority resigned his position.

14. The plaintiff directly reported to Mr. Pippenger.

15. When Mr. Pippenger resigned, the plaintiff was left to run the Maintenance Department and assumed some of the job duties of Pippenger.

16. Sometime in April 2019, a new management team took over the Newport Housing Authority.

17. When the new management team was brought in, Mike Walker, a Caucasian male, became the maintenance director.

18. Prior to Mr. Walker, the Newport Housing Authority did not have a maintenance director.

19. However, the plaintiff was demoted from his position of maintenance supervisor to that of lead person in or about June 2019, and was required to perform maintenance work, which was against the advice of his doctor.

20. The defendant then hired an African American female by the name of Lashun Bland sometime in 2020, who was upon information and belief, directed to start a campaign against the plaintiff to get rid of him.

21. When the new management team came in, they began a campaign of terminating African American employees, and replacing them with Caucasian employees, offering them higher pay.

22. On February 13, 2020, the plaintiff was placed under a performance improvement plan, without justification.

23. In the performance improvement plan, the plaintiff was saddled with expectations that were not reasonable, and were designed in such a manner as to cause the plaintiff to fail.

24. The plaintiff was also issued a written warning on February 13, 2020.

25. Prior to February 13, 2020, the plaintiff had been an exemplary employee, and had received outstanding performance evaluations.

26. Due to the undue stress and pressure that the plaintiff was facing at work, which was designed to force the plaintiff to quit, the plaintiff was seen by his doctor on May 19, 2020.

27. Due to the plaintiff's dire medical condition, the plaintiff was advised to be off work for the next four (4) weeks.

28. The above information and recommendation were shared with the plaintiff's employer, which further advised that the plaintiff would be re-evaluated after four (4) weeks, and that further recommendations could be forthcoming.

29. On May 21, 2020, Lashun Bland, who serves as the Senior Director of Operations for the defendant, acknowledged receipt of the above-mentioned doctor's note, but stated that the defendant could not accommodate the plaintiff's medical request to be off work, and advised the plaintiff that he was being terminated.

## IV.
## Age Discrimination in Employment Act (ADEA)

30. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29, supra., inclusive as though set forth herein word for word.

31. The plaintiff is sixty-three (63) years old.

32. An African American female, who is younger than the plaintiff, took off on May 4, 2020 due to medical reasons, and was allowed to be off and to return to work, which she did on June 3, 2020.

33. The plaintiff was afforded less favorable conditions of his employment than similarly situated younger employees, who were allowed to be off for medical reasons, and then allowed to return to work in violation of the Age Discrimination in Employment Act (ADEA).

## V.
## Sex Discrimination

34. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33, supra., inclusive as though set forth herein word for word.

35. A female employee was allowed to take off work due to medical reasons, and was allowed to return to work.

36. The plaintiff was not afforded this courtesy as the above-mentioned female employee.

37. When the plaintiff needed to be off work for medical reasons, rather than allowing this accommodation, the plaintiff was terminated one day after his doctor requested that he be allowed to take off for medical reasons.

38.     The plaintiff was afforded less favorable terms and conditions of his employment contract than was afforded to the above-mentioned female employees in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## VI.
## Race Discrimination

39.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38, supra., inclusive as though set forth herein word for word.

40.     When the defendant changed his management team, the new management team started a campaign of getting rid of African American employees.

41.     The defendant fired several African American employees without justification, or for reasons that white employees were not terminated.

42.     A white employee or prospect employee was hired by the defendant, but failed his drug test.

43.     The plaintiff was instructed to take the white employee back for a second drug test, in order to hire the white employee.

44.     The plaintiff was terminated from his place of employment with the defendant on account of his race, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## VII.
## Americans with Disability Act (ADA)

45.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44, supra., inclusive as though set forth herein word for word.

46.     The plaintiff was disabled within the meaning of the ADA.

47.     In 2015 the plaintiff suffered a heart attack, and was required to have a pacemaker and defibrillator in his heart.

48.     This information was known to the defendant.

49.     In that the plaintiff worked in the capacity as Maintenance Supervisor, he was able to perform his work duties despite his disability.

50.     However, after the defendant's management team changed, the plaintiff was demoted to the Lead Person position, which required the plaintiff to have to perform physical labor, which was inconsistent with the plaintiff's medical condition.

51.     Due to the added physical demands on the plaintiff, and the constant writeups that the plaintiff was experiencing, which were designed to force the plaintiff to quit, the plaintiff was taken off work for a period of four (4) weeks by his doctor on May 19, 2020.

52.     When the plaintiff delivered his doctor's letter to the defendant, he was fired the next day on May 20, 2020.

53.     The defendant refused to allow the plaintiff this reasonable accommodation in violation of the Americans with Disability Act.

## VIII.
## Procedural Requirement

54.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 53, supra., inclusive as though set forth herein word for word.

55.     On October 7, 2020, the plaintiff filed a Charge of Discrimination (No. 493-2020-01462) with the Equal Employment Opportunity Commission (EEOC), contending that he had been discriminated against in terms and conditions of his employment with the defendant, when he was terminated from his employment with the defendant on May 21, 2020 due to his race, sex, age, in violation of Title VII of the Civil Rights Act of 1964 (as amended) and in violation of the Age Discrimination and Employment Act (ADEA), also due to his disability, in violation of the

American with Disabilities Act (ADA). (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

56. In response to the plaintiff's Charge of Discrimination that he filed with the EEOC, said agency issued a "Notice of Right to Sue" letter dated October 15, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

57. The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Right to Sue" letter.

## IX.
### Damages

58. The plaintiff incorporates by reference the allegations contained in paragraphs 1-57 of the plaintiff's complaint, and adopts each as if set out herein word for word.

59. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of his sex, race, age and disability the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

60. Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

61. Furthermore, the defendant's act of discriminating against the plaintiff due to his age, was done willfully, entitling the plaintiff to an award of liquidated damages.

## JURY DEMAND

62. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race, sex, age, and disability;

b. reinstatement and back pay;

c. compensatory damages;

d. attorney's fees;

e. the cost of prosecuting this action;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

Dated: January 14, 2021

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01462 and EEOC |
|---|---|---|

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.)<br>**MR. JOHNNY L MCDONALD** | Home Phone<br>**(870) 217-4027** | Year of Birth<br>**1957** |
|---|---|---|

Street Address — City, State and ZIP Code
**1018 S. MAIN ST, NEWPORT, AR 72112**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**NEWPORT HOUSING AUTHORITY** | No. Employees, Members<br>**Under 15** | Phone No.<br>**(870) 523-2195** |
|---|---|---|

Street Address — City, State and ZIP Code
**945 HOUT CIRCLE, NEWPORT, AR 72112**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **04-06-2020**    Latest: **05-21-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired May 1, 1989, for a Maintenance position. In 2004, I was promoted to Maintenance Supervisor. I became disabled in 2015. About June 2019, my job title was changed to Maintenance Lead. On May 5, 2020, I was placed on leave under doctors care. About May 2020, a younger female coworker was placed on leave under a doctors care and returned to work. I was terminated May 21, 2020. Most of the Black employees have been fired and White employees were brought in from other cities and given time to complete work.

I was told the four more weeks of care I needed was a burden on the organization because there was a lack of maintenance personnel.

I believe I was denied reasonable accommodation and discharged because of my disability and in retaliation for requesting an accommodation in violation of the Americans with Disabilities Act of 1990, as amended. I also believe I was subjected to different terms and

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Johnny Mcdonald on 10-07-2020 12:51 PM EDT**

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**PLAINTIFF'S EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**493-2020-01462** |
|---|---|---|
| | | and EEOC |
| _State or local Agency, if any_ | | |

**conditions and discharged because of my sex (male) and race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended and my age (63) in violation of the Age Discrimination in Employment Act of 1967, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Johnny Mcdonald on 10-07-2020 12:51 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (_month, day, year_) |

EEOC Form 5 (11/09)

Case 3:21-cv-00014-DPM  Document 1  Filed 01/14/21  Page 12 of 12

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Johnny L. McDonald
1018 S. Main St
Newport, AR 72112

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01462 | Rodney E. Phillips, Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

/s/ William A. Cash, Jr.

**William A. Cash, Jr.,**
**Area Office Director**

10-15-2020
(Date Mailed)

Enclosures(s)

cc: LaShan Bland
Sr. Director of Operations
NEWPORT HOUSING AUTHORITY
P. O. Box 627
Newport, AR 72112

**PLAINTIFF'S EXHIBIT B**